**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Thomas D. Richardson, as Trustee** ) | |
| **In Bankruptcy for Tina Strain,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) **CIVIL ACTION FILE NO.** | |
| **vs.** ) | |
| ) | |
| **Performance Food Group** ) **JURY TRIAL DEMANDED** | |
| **Company, LLC, and Mark Peak,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, and files this lawsuit against Defendants, and

shows the following:

### Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to

redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and

1

actual damages for Defendants' failure to pay federally mandated overtime wages to Tina Strain in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during a period of Strain's employment with Defendants.   Plaintiff also brings claims of intentional infliction of emotional distress toward Strain by Defendants in violation of Georgia Law.

## **Jurisdiction and Venue**

### 3.

Trustee Thomas Richardson and Tina Strain are citizens and residents of the State of Georgia and entitled to bring this action.

### 4.

Defendant Performance Food Group Company, LLC (hereinafter sometimes "PFG") is a Delaware corporation with its principal place of business in Richmond, Virginia. At all relevant times, said Defendant has done business within the judicial district of the Court at its location at 7895 Third Flag Parkway, Austell, GA, 30168.  Process may be served upon said Defendant at National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, GA  30096.

Mark Peak was the General Manager at the Austell location and may be served with process in accordance with FRCP 4.

5.

PFG has, at various times, transacted business under the names of predecessor companies "Roma," "Vistar," and/or "Vistar/Roma" at the 7895 Third Flag Parkway location

6.

The unlawful practices described herein occurred at 7895 Third Flag Parkway.  Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1332, and/ or 1367. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**Parties and Facts**

7.

Thomas D. Richardson is Trustee for the bankruptcy estate of Tina Strain.  Strain is a resident of the State of Georgia and began working for PFG in 2002 as a receptionist at the Austell location.

Mark Peak was the General Manager and directed the work of all

3

employees at the Austell location.  As General Manager, Peak controlled the day to day operations and was aware that Strain was working overtime without proper compensation.

Strain was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant PFG.  Strain performed non-exempt labor for the Defendants within the relevant time period.

8.

Strain was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 during the relevant time period when she worked over forty (40) hours in a workweek.

9.

PFG is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant PFG, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e) and governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

10.

In 2009, during the course of her duties, Strain learned of an illegal scheme by a manager at PFG, Eddie Ortiz, under which Ortiz would receive

cash bribes/kickbacks in exchange for placing orders with a particular vendor.

The cash was sent to Ortiz, who through information and belief, shared the money with his friend and co-conspirator, Mark Peak. Peak even said to Ortiz "If I'm going down, you're going down with me." Strain reported this activity and Ortiz was fired.

11.

As a result of reporting this illegal activity and eliminating this source of income to Peak and causing the firing of his friend Ortiz, Peak retaliated against Strain by engaging in a scheme to end Strain's employment. Peak began to increase Strain's workload to a point to where she was doing the work that had previously been assigned to four employees.

Peak cancelled her vacations, required Strain to take work home, and further made efforts to harass and intimidate Strain. Peak had cameras and microphones installed at Strain's desk to monitor and eavesdrop on Strain.

These devices were connected into Peak's office so that he could further retaliate against Strain.

12.

Peak deliberately set out to retaliate against Strain, and to punish her for reporting the illegal bribes/kickbacks, and stopping this source of income.  This retaliation included subjecting Strain to abuse and causing her severe emotional pain.  Such actions by Peak were clearly outrageous and egregious and were clearly intended to inflict emotional distress on Strain.

13.

When Strain wouldn't quit, Peak further retaliated against her by terminating her on July 26, 2010 for a pretextual and unsupported reason. This was an outrageous action due to Strain's honesty by following company policy in reporting the illegal activity that she observed.

### Count I - Violation of the overtime wage requirement
### Of the Fair Labor Standards Act.

14.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

15.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Strain worked in excess of forty (40) hours in a

workweek during the relevant time period.

16.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover Strain's regular and overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

17.

Throughout the relevant time period Defendants knowingly, intentionally and willfully violated the FLSA by failing to pay Strain the overtime and regular compensation to which she was entitled.

18.

Throughout the relevant time period Defendants "knew or showed reckless disregard" that their conduct violated overtime laws under the FLSA.

19.

Throughout the relevant time period Defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

## **Count II:  Intentional Infliction of Emotional Distress**

20.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

21.

Defendants' actions as outlined above constitute intentional infliction of emotional distress so as to entitle Strain to damages, including punitive, against Defendants, as specified in the Prayer for Relief.

22.

As a direct and proximate result of Defendants' intentional infliction of emotional distress on Strain, she has been damaged and is entitled to the relief set forth in the Prayer for Relief.

## **Count III – Attorneys' Fees and Costs Pursuant to OCGA § 13-6-11**

23.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

24.

Defendants have acted in bad faith and have caused Strain unnecessary trouble and expense.

25.

As a direct and proximate result of Defendants' conduct toward Strain, Plaintiff is entitled to all of his attorneys' fees and costs related to this litigation pursuant to OCGA § 13-6-11.

## Count IV – Punitive Damages

26.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

27.

Defendants' actions showed willful misconduct, fraud, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences with regard to Strain in connection with the allegations set forth in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a.      Require Defendants to pay Plaintiff damages for unpaid

overtime compensation calculated at one and one-half times the

proper normal rate that Plaintiff would have received but for unlawful conduct going back three years from the filing of this lawsuit;

b.   Require Defendants to pay Plaintiff liquidated damages as provided for under the FLSA;

c.   Require Defendants to pay Plaintiff for damages as a result of their retaliatory termination of Strain, including but not limited to, her lost pay, attorney's fees, and liquidated damages;

d.   Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

e.   Award Plaintiff reasonable attorney's fees and costs and expenses of suit arising from Defendants' violations under the FLSA;

f.   Require Defendants to pay Plaintiff for Strain's lost pay, front pay, benefits, attorney's fees, and punitive and liquidated damages,

g.   That Plaintiff recover from Defendants an amount of

compensatory and punitive damages to compensate Strain for the emotional pain and suffering she has endured as a result of Defendants' discriminatory, retaliatory, and tortious acts.

h.    That Plaintiff be awarded prejudgment interest.

i.    Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of May, 2012.

> S/Jack Rosenberg
> Jack Rosenberg
> Georgia Bar No. 614475
> Suite  53
> 5425 Glenridge Drive
> Atlanta, Georgia  30342
> Telephone:  (404) 343-1091
> Facsimile:  (404)  343-1497
> jackrosenberg2@gmail.com